

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 237 |
| ) | |
| MISAEL ROQUE-ESPINOZA, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Misael Roque-Espinoza (hereinafter, "Roque-Espinoza" or "Petitioner") pleaded guilty to a charge of illegal re-entry following deportation in violation 8 U.S.C. § 1326(a) and (b)(2) based upon Roque-Espinoza's previous removal from the United States. Roque-Espinoza later moved to withdraw his guilty plea under the authority of *Immigration and Naturalization Service v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001), but this court denied that motion and the Seventh Circuit affirmed his conviction and sentence on direct appeal. *United States v. Roque-Espinoza*, 338 F.3d 724 (7th Cir. 2003). Roque-Espinoza has now petitioned the court for habeas relief pursuant to 28 U.S.C. § 2255. For the reasons explained below, the petition is denied.

## FACTUAL BACKGROUND

On June 15, 1995, Roque-Espinoza pleaded guilty to state charges of marijuana distribution and attempted murder. After serving three years in the Illinois Department of Corrections, Petitioner, who had lived in the United States since he was eight months old, was ordered to return to his native Mexico. *Roque-Espinoza*, 338 F.3d at 725.

Roque-Espinoza was ordered removed from the United States after a hearing before an Immigration Judge ("IJ") during which he was represented by a lawyer. *Id.* After the IJ ordered his

removal to Mexico, Roque-Espinoza's lawyer requested that the IJ grant his client discretionary relief under § 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c) (1994) (repealed). *Id.* At the time of Roque-Espinoza's conviction in 1994, he was eligible for relief under § 212(c) because he had been lawfully within the United States for seven consecutive years and he had not served five years' imprisonment.[1] The IJ denied that request on the ground that the provision making such relief available had been repealed, but advised Roque-Espinoza that he was entitled to appeal the removal order. *Id.* Roque-Espinoza expected his lawyer to file such an appeal, but counsel never did so. *Id.*

Roque-Espinoza was warned prior to his removal that he could re-enter the United States only with the permission of the Attorney General, but returned nevertheless without such permission sometime in 1999. *Id.* at 726. By October 14, 2000, Roque-Espinoza was again arrested, this time for drunk driving, and ultimately charged with unlawful re-entry into the United States without the permission of the Attorney General, in violation of 8 U.S.C. § 1326(a) and (b)(2). He pleaded guilty to these charges on May 10, 2001. *Id.*

---

[1] Section 212(c) of the INA, enacted in 1952, originally provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to [several exclusionary] provisions[.]

8 U.S.C. § 1182(c) (1952). In 1990, Congress enacted the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990), which precluded § 212(c) relief for aliens convicted of an aggravated felony and who had served five years' imprisonment. Case law extended § 212(c) relief to allow eligible permanent residents to ask the Attorney General to waive deportation under § 212(c). *Variamparambil v. INS*, 831 F.2d 1362, 1364 n.1 (7th Cir. 1987) (citing *Franklin v. INS*, 532 F.2d 268 (2d Cir. 1976)).

Three and one half months after Roque-Espinoza entered his guilty plea, he sought leave to withdraw the plea. *Id.* He cited the Supreme Court's decision in *St. Cyr*, 533 U.S. 289 (2001), decided after entry of his guilty plea, where the Court held that an alien who had pleaded guilty to an aggravated felony prior to passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") was entitled to seek discretionary relief from deportation, despite language in AEDPA and IIRIRA that repealed provisions for such discretionary relief. As the Seventh Circuit explained, "*St. Cyr* held that the repeal of § 212(c) discretionary relief from removal contained in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), does not apply retroactively to defendants who pleaded guilty to criminal charges prior to the act's passage." *Id.*, (quoting *St. Cyr*, 533 U.S. at 326). Roque-Espinoza argued before this court that *St. Cyr* establishes that his 1998 removal was invalid because it was premised on the IJ's erroneous belief that he was ineligible for discretionary relief from removal. *Id.* Given the date on which he entered a guilty plea in state court, Roque-Espinoza argued, under the rationale of *St. Cyr*, he remained eligible to apply for such relief. This court concluded that *St. Cyr* did not support Roque-Espinoza's motion to withdraw his guilty plea and denied that motion, and the Seventh Circuit affirmed that decision on direct appeal. *Id.* Roque-Espinoza filed his petition under 28 U.S.C. § 2255 in January 2004.

## DISCUSSION

Under section 2255, an individual convicted of a federal crime is permitted to move the district court to vacate, set aside, or correct his or her sentence on the grounds that the sentence was imposed in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255. Such

3

collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischael v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Relief under section 2255 may be granted to remedy only an error of law that is a "fundamental defect which inherently results in a complete miscarriage of justice," *Arango-Alvarez v. United States*, 134 F.3d 888, 891 (7th Cir. 1998) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). If this court finds that such grounds exist, it "shall vacate and set aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. 2255.

Before a district court will review a claim on its merits, the issue must have "been raised in a procedurally appropriate manner." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). A section 2255 motion is not a substitute for a direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)). Thus, a section 2255 motion cannot raise: "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raise on direct appeal; . . . and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (emphasis in original). Although the court will liberally construe a prisoner's *pro se* petition, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972), the burden still rests with Roque-Espinoza to show that he is entitled to habeas relief.

Roque-Espinoza presents the following three arguments on this section 2255 appeal: (1) that under the Supreme Court's decision in *St. Cyr* he should have been permitted to withdraw his guilty plea and launch a collateral attack on the deportation; (2) that his sentence was an *ex post facto* violation; and (3) that he was provided ineffective counsel. The court will now address each argument in turn. Each of these arguments relates to Petitioner's failure to obtain § 212(c) relief, a matter addressed by the Seventh Circuit on direct appeal. The court nevertheless addresses the arguments individually below.

## A. Abuse of Discretion

Roque-Espinoza first argues that this court abused its discretion in denying his timely motion to withdraw his guilty plea pursuant to the *St. Cyr* decision. Specifically, Roque-Espinoza contends that *St. Cyr* presented a fair and just reason necessary to withdraw his guilty plea as required by Rule 11 of the Federal Rules of Criminal Procedure. (Supplemental Memorandum of Points and Authorities Supporting Motion to Vacate, Set Aside, or Correct Sentence By Person In Federal Custody (hereinafter, "Def.'s Memorandum), at 10.) Thus, he asserts he should have been allowed to launch a collateral attack on the deportation hearing he alleges was "tainted" by the IJ's misinforming him that he was not eligible for discretionary relief. (*Id.* at 9.)

As noted above, Roque-Espinoza made this argument on direct appeal. He asserted that that *St. Cyr* established that the IJ erred in finding him ineligible for discretionary relief from removal. *See Roque-Espinoza,*, 338 F.3d at 727. Roque-Espinoza argued that this error was enough by itself to invalidate his original removal and that the IJ's mistake was so serious that it tainted the entire removal proceeding and deprived him of due process. Petitioner noted, further, the Supreme Court's holding in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), that the government may not rely

5

on a prior deportation as an element of the crime of unlawful re-entry unless the proceedings leading up to the deportation comported with principles of due process. *Id.* (citing *Mendoza-Lopez*, 481 U.S. at 837). As amended in 1996, 8 U.S.C. § 1326(d) expressly permits an alien to collaterally attack the validity of his deportation order when prosecuted for illegal reentry. *Id.* Such a collateral attack on an underlying removal is authorized where (1) the alien has exhausted the administrative remedies that offer relief from the removal order; (2) the removal order was the result of proceedings that deprived the alien of an opportunity for judicial review; and (3) there is a showing of fundamental unfairness. 8 U.S.C. § 1326(d)(1)-(3). Interpreting this statutory language, the Seventh Circuit has emphasized that a alien must exhaust his administrative remedies before seeking review of a removal order. *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998). An alien who fails to raise an issue before the Board has not fulfilled this exhaustion requirement. *Id.* "Although due process claims do not usually require exhaustion because the Board cannot adjudicate constitutional issues, the requirement applies when the 'petitioner's claim involves procedural errors correctable by the administrative tribunal.'" *Id.* (quoting *Castaneda-Suarez v. INS*, 993 F.2d 142, 144 (7th Cir. 1993)).

In response to this argument on direct appeal from his conviction, the Seventh Circuit held that Roque-Espinoza failed to exhaust the administrative remedies available to him, "and the circumstances of his failure do not come close to raising a due process issue." *Roque-Espinoza*, 338 F.3d at 727. In so holding, the Seventh Circuit noted that both Roque-Espinoza and his lawyer were informed of his right to pursue an appeal of the IJ's immigration order with the Board of Immigration Appeals and that his lawyer indicated that Roque-Espinoza would appeal the decision. *Id.* The Seventh Circuit noted that because the IJ informed Roque-Espinoza that he was not eligible for

6

discretionary relief from removal, "he should have realized that avenues of judicial review were available to him." Id. That Roque-Espinoza's lawyer failed to appeal the order as promised did not deprive Roque-Espinoza of pursuing these other avenues of judicial review. Therefore, the Seventh Circuit denied Roque-Espinoza's claim in its entirety.

Roque-Espinoza now attempts to make this same argument on collateral review of his conviction. Because Roque-Espinoza has already litigated this issue on the same grounds before the Seventh Circuit, he may not re-litigate the issue here.

B.  Ex Post Facto Violations

Roque-Espinoza's second argument is that the retroactive application of the IIRIRA, which repealed the availability of a discretionary waiver of deportation under § 212(c), violates the constitutional prohibitions against ex post facto laws. (Def's Memorandum, at 14.) As addressed above, under St. Cyr an alien who, like Petitioner here, pleaded guilty to an aggravated felony before the repealer of the discretionary waiver authority, may nevertheless apply for § 212(c) relief if he would have been eligible for that relief at the time of his plea. In Montenegro v. Ashcroft, 355 F.3d 1035 (7th Cir. 2004), the Seventh Circuit considered an appeal from a deportation order brought by an individual who, because he was convicted by a jury of the aggravated felony, did not fall within that exception. In Montenegro, the defendant was convicted by an Illinois jury in April 1996 on drug possession and intent to distribute charges, and sentenced to 20 years' imprisonment. Id. at 1036. As a result of his conviction, the INS commenced removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii), the statute which provides for the removal of an alien convicted of an aggravated felony. On appeal from the denial of his petition for relief from the removal order, Montenegro argued that the repealer of the provision authorizing discretionary waivers of

7

deportation to aliens constituted an ex post facto violation. The Court of Appeals rejected that argument, explaining that the ex post facto clause applies only to criminal laws, and therefore is not available in removal proceedings because they are classified as civil actions. 355 F.3d 1035, 1037 (7th Cir. 2004).

As explained earlier, Petitioner Roque-Espinoza himself falls into the exception recognized in *St. Cyr*, and was eligible despite the repeal of § 212(c) to appeal from the removal order in his case. Nevertheless, in any event, the Seventh Circuit's opinion in *Montenegro* recognizes that ex post facto laws do not apply to removal proceedings, so any argument that the repealer of § 212(c) violates the ex post facto clause would fail.

D.     Ineffective Assistance of Counsel

Roque-Espinoza's final argument is that his trial, appellate, and immigration hearing counsel caused him to lose his direct appeal by failing to litigate a due process argument. (Def.'s Memorandum, at 15.) The entirety of Roque-Espinoza's due process complaints stem from his counsel's failure to appeal the IJ's 1996 deportation order after stating he would do so. Had his attorney followed through with his intentions and filed an appeal with the Board of Immigration Appeals, Roque-Espinoza argues, he would have been granted the § 212 discretionary relief that the IJ had mistakenly deemed he was ineligible to receive. Had § 212 discretionary relief been granted back in 1998, Roque-Espinoza reasons, he would not have been guilty of illegal reentry when he returned to the United States in 1999.

An alien in a deportation hearing has no Sixth Amendment right to counsel, but aliens are entitled to Fifth Amendment due process in deportation proceedings. *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998); *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 807 (8th Cir. 2003) (citing *Reno v.*

8

*Flores*, 507 U.S. 292, 306, 113 S. Ct. 1439 (1993)); *Mohammed v. Gonzales*, 400 F.3d 785 (9th Cir. 2005); *Dakane v. U.S. Attorney General*, 399 F.3d 1269, 1273 (11th Cir. 2004). In order to establish that his due process rights were violated, Petitioner must first establish the existence of a protected liberty or property interest. *Nativi-Gomez*, 344 F.3d at 808 (citations omitted). "The ground for a constitutional claim, if any, must be found in statutes or other rules defining the obligations of the authority charged with exercising clemency." *Id.* (quoting *Dumschat*, 452 U.S. at 465). A discretionary privilege cannot create a constitutional entitlement, even if that privilege has been granted generously in the past. *Id.* (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464-67, 101 S. Ct. 2460 (1981)). Indeed, several courts have explicitly recognized that "there is no protected liberty or property interest" in the right to seek discretionary relief under § 212(c), and, hence, no basis for finding a due process violation where an alien is deprived of that right. *United States v. Wilson*, 316 F.3d 506, 509 (4th Cir. 2003) (quoting *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir.2002)); *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir.2002), *cert. denied*, 537 U.S. 1135 (2003) (holding that Section 212(c) relief is not a right protected by due process "because it is available within the broad discretion of the Attorney General"); *United States v. Roque-Espinoza*, 338 F.3d 724, 729 (7th Cir.2003) (opining that "it would be hard to show that the loss of a chance at wholly discretionary relief is the kind of deprivation of liberty or property that the due process clause is designed to protect"); *Oguejiofor v. Attorney General*, 277 F.3d 1305, 1309 (11th Cir.2002) ("[A]n alien has no constitutionally protected right to discretionary relief or to be eligible for discretionary relief."); *but see United States v. Lepore*, 304 F. Supp. 2d 183 (D. Mass. 2004) in a case where INS officials failed to advise the alien of his right to appeal his deportation order, (criticizing *Wilson* as an effective foreclosure of collateral attack).

If there is no liberty or property interest at stake, then counsel's failure to seek discretionary relief through an appeal to the BIA does not violate due process. Absent a due process violation, an alien cannot establish fundamental unfairness and his collateral attack fails.

## CONCLUSION

For the foregoing reasons, the court denies Roque-Espinoza's petition to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 in its entirety.

ENTER:

Dated: May 3, 2005

REBECCA R. PALLMEYER
United States District Judge